UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GRETA PRICE,

        Plaintiff,

                                                    COMPLAINT AND
- against -                                    JURY TRIAL DEMAND

P.O. MICHAEL A. SCHNEIDER, Shield No. 0716,
P.O. "JOHN DOES" 1-3 and
THE COUNTY OF NASSAU,

        Defendants.
------------------------------------------------------------------X

        Plaintiff, GRETA PRICE, by her attorney, ALAN D. LEVINE, ESQ., complaining of the defendants herein, respectfully alleges as follows:

## JURISDICTION

1. This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the fourth and fourteenth amendments to the Constitution of the United States.

3. Jurisdiction is founded upon 28 U.S.C. §§1331, 1343 and 1367.

4. Plaintiff, invoking the supplemental jurisdiction of this Court, also seeks compensatory and punitive damages for battery and false arrest.

## VENUE

5. Venue is properly alleged in the Eastern District of New York in that the acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

6. Plaintiff hereby demands a trial by jury of all issues in this action that are so triable.

## PARTIES

7. Plaintiff, GRETA PRICE, is a natural person, who, at all times relevant hereto, was resident in the County of Nassau, State of New York.

8. At all times relevant hereto, defendant P.O. MICHAEL A. SCHNEIDER, Shield No. 0716 (hereinafter "SCHNEIDER") was and is a natural person, employed as a police officer by the Police Department of defendant COUNTY OF NASSAU.

9. At all times relevant hereto, defendants P.O. "JOHN DOES" 1-3 were and are natural persons, employed as police officers by the Police Department of defendant COUNTY OF NASSAU.

10. At all times relevant hereto, defendant COUNTY OF NASSAU was and is a municipal corporation, organized and existing pursuant to the laws of the State of New York.

11. The individual defendants are sued in their individual capacities.

12. On or about March 25, 2016, this date being within ninety (90) days after the claims herein sued upon accrued, plaintiff served upon the Nassau County Attorney a verified written notice of claim setting forth the time, place, nature and manner in which said claim arose.

13. More than thirty (30) days have elapsed since the aforementioned verified notice of claim was served and the Nassau County Attorney has neglected and refused to make payment of said claim.

14. This action is commenced within one year and ninety days from the date the supplemental claims herein accrued.

**AS AND FOR A FIRST CAUSE OF ACTION
AGAINST THE INDIVIDUAL DEFENDANTS
(42 U.S.C. §1983)**

15. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "14" hereinabove as if more fully set forth at length herein.

16. On or about December 27, 2015, at approximately 8:00 P.M., plaintiff was lawfully present at AMF Garden City Lanes, which is a bowling alley located at 987 Stewart Avenue, in the Village of Garden City, County of Nassau, State of New York.

17. Plaintiff was at the aforementioned bowling alley with a group of friends and relatives that totaled approximately twenty-three persons.

18. While at the bowling alley, plaintiff's two daughters became involved in a physical altercation with other persons present at the bowling alley who were not members of the group that plaintiff was with.

19. Once the physical altercation ended, plaintiff's two daughters left the bowling alley and went into its parking lot.

20. Plaintiff also went into the bowling alley's parking lot.

21. Approximately fifteen members of the Nassau County Police Department and a K-9 dog arrived at the parking lot.

22. Plaintiff witnessed one of her daughters being thrown to the ground by two of the police officers.

23. Plaintiff informed the officers that the person they were abusing was her daughter.

24. The defendant identified as defendant DOE 1, who is described as a white male wearing a white t-shirt with his police shield displayed on it, directed the defendants identified as DOE 2 and DOE 3, to arrest plaintiff.

25. Defendants DOE 2 and DOE 3 immediately grabbed hold of plaintiff and threw her to the ground.

26. As a result of her being forcefully thrown to the ground as described hereinabove, plaintiff suffered a non-displaced fracture at the ulnar base of the distal phalanx of her left middle finger and suffered a severe exacerbation of a pre-existing condition affecting her lower back.

27. Police officers picked plaintiff up, placed her in a Nassau County Police Department motor vehicle and transported her to the stationhouse of the Third Precinct.

28. Plaintiff was eventually transported to the Nassau County First District Court in Hempstead.

29. In court, plaintiff was falsely and maliciously charged, upon the complaint of defendant SCHNEIDER, with having committed the offense of disorderly conduct, a violation.

30. Plaintiff was compelled to appear in court on at least four occasions on the charge falsely and maliciously brought against her until she received an adjournment in contemplation of dismissal.

31. The charge against plaintiff has been dismissed and sealed.

32. The individual defendants violated plaintiff's rights, guaranteed to her by the fourth and fourteenth amendments to the Constitution of the United States, in that, acting under color of state law, they arrested her without having probable cause therefor

and, without any cause or provocation whatsoever, used excessive force on her, thereby causing her serious and permanent injury.

33. Because of the aforementioned acts committed against her by the individual defendants hereto, while they were acting under color of state law, plaintiff suffered a deprivation of her right to liberty and her right to be free from the use of excessive force, both guaranteed to her by the fourth and fourteenth amendments to the Constitution of the United States, and, as a result, suffered and continues to suffer serious, severe and permanent physical and emotional injuries, has undergone, and will continue to undergo, treatment for her injuries, and suffered the loss of her employment and the income therefrom.

34. By reason of the aforementioned unconstitutional and illegal actions taken against her by the individual defendants, plaintiff has been damaged in an amount sufficient to compensate her for her injuries as enumerated hereinabove and, in addition, seeks punitive damages against the individual defendants.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST THE INDIVIDUAL DEFENDANTS AND THE COUNTY OF NASSAU
(Battery)

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "34" hereinabove as if more fully set forth at length herein.

36. On or about December 27, 2015, at approximately 8:00 P.M., in the parking lot of a bowling alley located at 987 Stewart Avenue, in the Village of Garden City, County of Nassau, State of New York, the individual defendants, without probable

cause therefor, offensively touched plaintiff by forcefully throwing her to the ground, thereby causing her severe and permanent injury.

37.     The aforementioned force used by the individual defendants was not reasonable under the circumstances.

38.     At the aforementioned time and place, the individual defendants were acting within the scope of their employment by defendant COUNTY OF NASSAU.

39.     By reason of the aforementioned battery committed against her by the individual defendants, while they were acting within the scope of their employment by defendant COUNTY OF NASSAU, plaintiff suffered, and continues to suffer, severe and permanent physical and emotional injuries and has undergone, and will continue to undergo, treatment for her injuries.

40.     As a result of the battery committed upon her by the individual defendants, while they were acting within the scope of their employment by defendant COUNTY OF NASSAU, plaintiff has been damaged in an amount sufficient to compensate her for her injuries as enumerated hereinabove and, in addition, seeks punitive damages against the individual defendants.

### AS AND FOR A THIRD CAUSE OF ACTION
### AGAINST THE INDIVIDUAL DEFENDANTS
### AND THE COUNTY OF NASSAU
### (False Arrest)

41.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "40" hereinabove as if more fully set forth at length herein.

42.     On or about December 27, 2015, at approximately 8:00 P.M., in the parking lot of a bowling alley located at 987 Stewart Avenue in the Village of Garden

City, County of Nassau, State of New York, the individual defendants, without having probable cause therefor, forcibly, falsely, wrongfully, unlawfully and illegally arrested plaintiff, and, against plaintiff's own free will, caused her to be incarcerated until she appeared before a Judge of the Nassau County First District Court on the following day.

43. Defendant SCHNEIDER, falsely, maliciously, wrongfully, unlawfully and illegally accused plaintiff of having committed the offense of disorderly conduct, a violation.

44. As a result of the aforementioned arrest, plaintiff was falsely, maliciously, wrongfully, unlawfully and illegally kept in confinement at the stationhouse of the Third Precinct of the Nassau County Police Department and in the holding pens of the First District Courthouse in Hempstead.

45. As a further result of the individual defendants' illegal and improper arrest of plaintiff, she was compelled to appear in court on the charges against her on at least four subsequent occasions, until she received an adjournment in contemplation of dismissal.

46. At the time they committed the aforesaid acts of false arrest and false imprisonment against plaintiff, the individual defendants were acting within the scope of their employment by defendant COUNTY OF NASSAU.

47. By reason of the false arrest and false imprisonment committed against her by the individual defendants, while they were acting within the scope of their employment by defendant COUNTY OF NASSAU, plaintiff suffered a loss of her liberty and suffered, and continues to suffer, serious, permanent, painful and debilitating physical and emotional injuries, has received, and will continue to receive, medical treatment for her injuries, lost her employment and the income therefrom, and had to

pay for the services of an attorney to defend her in the criminal proceeding brought against her.

48. By reason of the false arrest and false imprisonment committed against her by the individual defendants, while they were acting within the scope of their employment by defendant COUNTY OF NASSAU, plaintiff has been damaged in an amount sufficient to compensate her for her injuries as enumerated hereinabove and, in addition, seeks punitive damages against the individual defendants.

WHEREFORE, plaintiff, GRETA PRICE, demands judgment against defendants, P.O. MICHAEL A. SCHNEIDER, Shield No. 0716, P.O. "JOHN DOES" 1-3, and THE COUNTY OF NASSAU, as follows:

FIRST CAUSE OF ACTION: An amount sufficient to compensate her for her injuries as enumerated hereinabove and, in addition, seeks punitive damages against the individual defendants;

SECOND CAUSE OF ACTION: An amount sufficient to compensate her for her injuries as enumerated hereinabove and, in addition, seeks punitive damages against the individual defendants; and

THIRD CAUSE OF ACTION: An amount sufficient to compensate her for her injuries as enumerated hereinabove and, in addition, seeks punitive damages against the individual defendants.

In addition, plaintiff demands the costs and disbursements of this action, including her attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Kew Gardens, New York
March 24, 2017

*Alan D. L.*

ALAN D. LEVINE, ESQ.
Attorney for Plaintiff
80-02 Kew Gardens Road, Suite 307
Kew Gardens, New York 11415
(718) 793-6363
Our File No: 2350